Good morning, Your Honors. May it please the Court, Paul Kennerson for Appellant Paul Garver. I believe, Your Honors, that the briefs in this case are essentially exhaustive of the issues involved in the case. The central theme and the central issue of our appeal is twofold. One is that essentially there is no ambiguity in paragraph 11 of the settlement agreement, and visited de novo by this Court it was an error of law for the district court to so conclude. Mr. Kennerson, I understand that to be your position, but if you take me to the language of paragraph 11, where does it speak to future amount? This is off my head, Your Honor, because I don't have the paragraph in front of me, but it says to the general effect that payments are for past due and to be initiated. The actual language says the initiation of the full monthly LTD benefits that Garver sought in this action. Correct, Your Honor. That's the future-looking language, correct? Exactly. I found it in my brief. And then it says the accounting provided is warranted to be correct. Obviously, in our judgment, obviously, as to which there's a disagreement. Well, he was only seeking the initiation of full monthly LTD benefits that Garver sought in this action. He was only seeking what was due under the policy, correct? Well, that isn't... Well, that's what the letters showed at the beginning of this whole mess. Well, the letters defer to a final settlement agreement, Your Honor, number one. No, in the very original underlying dispute, he was seeking what he was entitled to under the policy at a cap of $10,000. That's what he was seeking. Well, the complaint, I believe, in terms, Your Honor, says that he was seeking not less than that, but there were other claims involved in the lawsuit. No, but on this contract claim, in the underlying suit for disability benefits, he was seeking what was due under the policy. Isn't that correct? That's correct, yes. At the monthly rate of not less than $10,000. Where did the not less than $10,000 come from? That came, I suppose, Your Honor, it came from Mr. Helland's, my predecessor's, head, I guess. Not his head. I mean, that totally coincides with what Mr. Garber admitted in the request for a stipulated fax, not in dispute, that there was a $10,000 cap on his monthly payments. There's no question about that. Well, that didn't just come out of his head. I mean, $10,000 didn't wind... I'm sorry, Your Honor, I'm sorry. You know, the $10,000 winds up in the complaint. The settlement agreement says that the ongoing monthly payments are going to be, that's the initiation. They will start now, after this settlement, will be the full monthly LTD benefits that Garber sought in this action. If one goes to the complaint, he sought not less than $10,000. Unless there's some reason in the plan to go above $10,000, $10,000 seems coincident with what the cap was. Would you agree with that? I don't disagree with that. My only point is that there's another component to the claim. What's that, the accounting? No. The component is the claims against the program itself, against the doctors, and the RICO claims, which were involved in the original underlying lawsuit. Those monthly benefits? No. Well, that's all he's getting, the initiation of the full monthly LTD benefits. That's what the settlement agreement refers to, that Garber sought in this action, okay? He may have sought other things, correct? Correct. Presumably the settlement resolved those. What he was getting was getting back on plan, which is the language that Mr. Helen used, isn't that correct? Right. Okay, so he's on plan. On plan, he would have gotten $10,000 per month. He would have gotten his disability. There may have been other claims that he sought in the action, but the monthly benefit was $10,000. There's no question about that. All right, so end of story, isn't it? No, I don't think it is, with all respect. Well, the accounting certainly doesn't help, does it? Because that was looking to the retrospective aspects. The accounting was only accounting for what was claimed from the time that this case started up to the point of settlement. That's all the accounting could have dealt with, correct? I don't believe so, Your Honor. That's all it did. Well, the accounting was certified to be correct following the promise of Hartford to initiate or continue benefits. That's not what it says. It doesn't say continue. You might be correct or have a better argument, at least in my reading, if it said and continue, but it doesn't. It says and initiate. Right. Okay, and that was a heavily negotiated paragraph in all of the evidence, although we're looking at the face of it as an integrated agreement. We don't look to the prior correspondence and wherever. If we take it at its face, the word initiation and sought in the complaint would seem to argue that if you take initiation, meaning forward-looking, and you look at a complaint asking for $10,000, and you look at the accounting, which is incorporated by reference, and the accounting is attesting to what had been heretofore paid, which was in dispute, and he wanted to be sure, we know, extra record, that is, extra the settlement document, that he was concerned that they not come after him for things that they had paid out while this litigation was pending. Right. All right, that's all the accounting did. It accounted for what has been done in the past. There's nothing in this document that seems to say, plainly, anyway, and ambiguously, that he gets whatever was in that accounting where they calculated the $13,000 a month as being the monthly benefit, because that wasn't what he sought in the complaint. There you have to get to ambiguity. Pardon me? You'd have to reach that through a finding of ambiguity. District court accepted ambiguity and ruled against your construction. Well, I understand where we are, Your Honor. I'm having trouble finding where the district court got it wrong. Well, I would just say this. I used too much time listening here, Your Honor. No, that's what the purpose of oral argument is. I understand that. We need to have the questions answered. We read these briefs, we analyze them, and we're trying to zero in on what's bothering the panel. Right. My position, simply put, Your Honor, is that the settlement agreement looked to past payments and to future payments, and that the word initiation of future payments or the initiation, pardon me, of payments encompassed both the past and the future. Okay. The accounting was certified by Hartford to be correct and accepted by everybody to be correct. My client's mentality, as he testified, and that testimony is in our brief, that he knew what the monthly limits were of the policy that he had, unfortunately, been relegated to receiving, but that there were other claims in the lawsuit, and that if Hartford, in its corporate wisdom, decided it was going to pay more, as they should in his judgment, for these other claims to wrap the whole case up, that is what occurred. The testimony of Mr. Luddy at the trial confirmed that, that that was what was meant at the time, and that he fully intended that that amount had been paid and would be paid. And then, and this we weren't allowed to discover, after the fact, somebody discovered back in the home office that the limit imposed by the policy was other than that and decided unilaterally and arbitrarily to impose it. That's the case in a nutshell. And we believe there is no ambiguity if you look hard at Mr. Luddy's testimony. If that isn't it. We did look at his testimony. If there's no ambiguity, we looked at what's on the basis of that. Well, that's true. You know, if you look at the valuation form that was attached to the policy, it's pretty clear that it was just a $10,000 cap. I understand that, Your Honor. Okay. Thank you. We might want to refer to the remaining time for rebuttal. Good morning, Your Honors. Edith Shea for Apelli-Parker. I'll only say plaintiff and appellant has not established that the district court's decision that the contract or the release was ambiguous was erroneous. Hard for broad motion for summary judgment saying that the ---- You don't want to win on the fact that it's unambiguous and favors your outcome? Yes, Your Honor. That was the purpose of the motion for summary judgment. But the court did find an ambiguity, and that certainly doesn't provide a basis for reversal. The appellant has also not shown any clear error in the court's factual findings that the release provided for continuing benefits under the terms of the plan capped at $10,000. So unless there are any questions, I can leave it at that. I don't think so. Thank you, Your Honor. Okay. I think the case argued is submitted then.
judges: Fisher, Paez, Robart